United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BONILLA, et al., | No. C 05-4942 MEJ |
| Plaintiff(s), | **ORDER VACATING MARCH 30, 2006 CASE MANAGEMENT CONFERENCE** |
| vs. | |
| WHEAT LAND SURVEYING, INC., et al., | **CASE MANAGEMENT ORDER** |
| Defendant(s). | |

Pursuant to Federal Rule of Civil Procedure 16, the Court hereby VACATES the March 30, 2006 Case Management Conference and ORDERS as follows:

A.  <u>ADR Program</u>:

The parties are hereby referred to court-sponsored mediation.

B.  <u>Jury or Court Trial</u>:

The Court hereby sets this matter for a court trial.

C.  <u>Pretrial Motions</u>:

1.  All pretrial motions shall be filed in accordance with Civil Local Rule 7. A motion shall be noticed pursuant to Civil Local Rule 7-2 without calling the Court. Civil law and motion is

heard on Thursday mornings at 10:00 a.m.

D.  Discovery:

1.  The parties shall abide by Judge James' standing order regarding discovery and dispute procedures.

E.  Disclosure of Expert Witnesses:

1.  Any party wishing to present expert witness testimony with respect to a claim or defense shall serve on all other parties the name, address, qualifications, resume, and a written report which complies with Federal Rule of Civil Procedure 26(a)(2)(B) on or before August 21, 2006 (210 days before trial).

2.  This disclosure must be made with respect to a person who is either (a) specifically retained or specially employed to provide expert testimony pursuant to Federal Rule of Evidence 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

3.  **A party or counsel has a continuing duty to supplement the disclosure of expert witnesses when required under Federal Rule of Civil Procedure 26(e)(1).**

F.  Rebuttal Expert Witnesses:

1.  If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B), no later than August 31, 2006 (200 days before the trial).

G.  Limitation on Testimony by Expert Witnesses:

1.  Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior

2

to the expert's deposition.  This is to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition.

2. Unless application is made prior to the close of expert discovery, each party is limited to calling only one expert witness in each discipline involved in the case.

3. Any party objecting to the admissibility of the testimony of person disclosed as an expert witness must file a written motion *in limine* to exclude the testimony no later than the deadline set in this order for filing motions *in limine*.

H.  Close of Discovery:

1. All discovery, including depositions of expert witnesses, must be completed by September 15, 2006 (185 days before trial).

2. Pursuant to Federal Rule of Civil Procedure 16(b) and Civil Local Rule 26-2, a discovery request or stipulation that calls for responses or depositions after the discovery cut-off date are not enforceable except by order of the Court and upon a showing of good cause.

3. Pursuant to Civil Local Rule 26-2, no motions to compel discovery may be filed later than 10 days after the discovery cut-off date.

I.  Dispositive Motions:

1. Pursuant to Civil Local Rule 7-2, all dispositive motions shall be filed, served and noticed by October 12, 2006 (155 days prior to trial). The parties shall file a joint statement of undisputed facts pursuant to Civil Local Rule 56-2(b) when filing a motion for summary judgment or summary adjudication.

2. The Court shall hear dispositive motions on November 16, 2006 ( 120 prior days to trial) at 10:00 a.m. in Courtroom B, 15th Floor of the Federal Building, located at 450 Golden Gate Avenue, San Francisco, California.

J.  Exchange and filing of Trial Papers:

1. By January 18, 2007 (60 days before trial) lead counsel who will try the case shall meet and confer with respect to the preparation and content of the joint pretrial conference statement and shall exchange (but not file or lodge) the papers described in paragraph 2 below.

2. By February 2, 2007 (45 days before trial) counsel shall file the papers described in Federal Rule of Civil Procedure 26(a)(3) and a joint pretrial conference statement including the following:

(A) Substance of the Action: A brief description of the substance of claims and defenses which remain to be decided.

(B) Relief Prayed: A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of damages.

(C) Undisputed Facts: A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

(D) Disputed Factual Issues: A plain and concise statement of all disputed factual issues which remain to be decided.

(E) Agreed Statement: A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(F) Stipulations: A statement of stipulations requested or proposed for pretrial or trial purposes.

(G) Witness list: A list of all witnesses to be called for trial. The parties shall submit a page-length detailed summary of the substance of the proposed testimony of each witness, which shall also specify to which disputed fact the testimony relates and an estimate of the time required for direct and cross examination of each prospective witness.

(H) Exhibit list: A list of all exhibits to be offered at trial. The exhibit list shall list each proposed exhibit by its number or alphabetical letter, description and sponsoring witness. All documents shall be authenticated prior to trial.

1  (I) Estimated Time of Trial: An estimate of the number of hours needed for the presentation
2  of each party's case.
3  (J) Settlement: A statement summarizing the status of the parties' settlement negotiations.
4  **No party shall be permitted to offer any witness or exhibit in its case in chief that is not**
5  **disclosed in its witness or exhibit list without leave of the Court for good cause**
6  **shown.**
7  3. Motions *in limine*: Counsel are directed to meet and confer to resolve any evidentiary
8  disputes prior to filing motions *in limine*. Any motions *in limine* shall be filed February 2,
9  2007 (45 days prior to trial). Any Opposition to motions *in limine* shall be filed February 9,
10 2007 (38 days prior to trial). These matters will be deemed submitted on the papers without
11 oral argument, unless the Court orders otherwise.
12 4. Trial Briefs: Counsel shall file trial briefs setting forth the applicable legal standard,
13 pursuant to Ninth Circuit authority, all significant disputed issues of law, including
14 foreseeable procedural and evidentiary issues by February 16, 2007 (30 days prior to trial).
15 5. Proposed Findings of Fact and Conclusions of Law (Court Trial Only):  Counsel shall submit
16 **joint** proposed findings of facts by February 16, 2007 (30 days prior to trial). Counsel shall
17 submit separately a copy of their disputed findings of fact and conclusions of law by
18 February 16, 2007 (30 days prior to trial).
19 Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint
20 proposed findings of fact on a computer disk in WordPerfect. The disk label shall include
21 the name of the parties, the case number and be entitled "Joint Proposed Findings of Facts."
22
23 K. Pretrial Conference:
24 1. On February 15, 2007, the Court shall hold a pretrial conference at 10:00 a.m. in Courtroom
25 B, 15th Floor of the Federal Building, located at 450 Golden Gate Avenue, San Francisco,
26 California. Lead counsel who will try the case must attend the pretrial conference. The
27 purpose of the pretrial conference is for the Court to rule on any issues raised in the final
28

pretrial conference statement, motions *in limine*, and to discuss the trial of the case.

L. <u>Final Pretrial Conference</u>:

1. On March 15, 2007 at 10:00 a.m., the Court shall hold a final pretrial conference to address any outstanding trial issues.

M. <u>Trial Date</u>:

1. The trial shall commence on March 19, 2007 (Trial schedule: Monday through Thursday, at 1:30 p.m. to 5:00 p.m.). The trial shall last three days.

2. For any documents, including the deposition of a witness testifying at trial, which will be shown presented to a witness **but will not be admitted into evidence,** counsel shall bring the original plus three clean copies of the documents. The original document will be handed to the Court during testimony, and the clean copies of the document will be given to the witness during the examination and to opposing counsel.

3. Counsel shall maintain their own exhibits during trial. Exhibits are to be premarked with exhibit tags stapled to the upper lefthand corner. If a photo or chart is being used as an exhibit, the exhibit tag should be placed on the back side of the exhibit. **The Court will only admit premarked exhibits which were listed on the earlier filed exhibit list.**

   Plaintiff shall mark the exhibits numerically; Defendant shall mark the exhibits alphabetically. The exhibit markers shall each contain the name and number of the case, the number or alphabetical letter of the exhibit, and blank spaces to accommodate the date admitted and the Deputy Clerk's initials.

4. On the day of trial, counsel shall bring the original premarked exhibits, a copy of the premarked exhibits for opposing counsel and two binders which contain a copy of each side's premarked exhibits for the Court. **<u>The premarked exhibit binders are to be designated with label dividers.</u>** The premarked exhibit binders will be given to the Courtroom Deputy on the morning of the trial.

6

N.  <u>Sanctions</u>:

Failure to comply with this Order is cause for sanctions under Federal Rule of Civil Procedure 16(f).

O.  <u>Transcripts</u>:

Counsel who wants to receive a daily transcript shall contact Robert Stuart, Supervisor Court Reporting Services, at (415) 522-2079, at least ten days in advance of the trial date.

If any video or tape recording equipment or demonstrative devices will be used, a signed order will need to be obtained at least ten days in advance of the trial date for the items to clear security.

P.  <u>Questions</u>:

All questions regarding these instructions should be directed to Brenda Tolbert, Courtroom Deputy Clerk to Judge James, at (415) 522-4708.

**IT IS SO ORDERED.**

Dated: March 23, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

7